## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **STEPHEN CRAIG BURNETT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.  CIV-10-769-M** |
| | ) | |
| **KIM LEATHERWOOD, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. Chief United States District Judge Vicki Miles-LaGrange has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Currently before the Court is Plaintiff's Motion for Entry of Final Judgment as to Counts, 1, 3, 4 and Certification for Appeal. [Doc. No. 102]. Plaintiff has also filed a Motion for Leave to Conduct Discovery. [Doc. No. 108].  For the following reasons, it is recommended that the motion for entry of judgment be denied.  As there is no order in place which prevents Plaintiff from conducting discovery, it is recommended that his motion for leave to conduct discovery be denied as moot.

By his first motion, Plaintiff seeks a judgment containing a certification under Fed.R.Civ.P. 54(b), allowing him to appeal the judgments entered by Chief Judge Miles-

LaGrange in favor of all Defendants other than Defendant Sebenick.  Motion for Entry, 2.[1]
[See Doc. Nos. 90, 92].

On October 12, 2011, Plaintiff filed a notice of appeal.  However, because of the remaining claims against Defendant Sebenick, the Tenth Circuit Court of Appeals directed Plaintiff to obtain a certification under Fed.R.Civ.P. 54(b).  The current deadline for submission of that certification to the Tenth Circuit is February 6, 2012.  See Burnett v. Leatherwood, No. 11-6264 (10th Cir. Jan. 6, 2012).

The undersigned notes that although Chief Judge Miles-LaGrange has allowed Plaintiff to appeal without payment of costs, and denied his request for a stay of this action pending appeal, [Doc. Nos. 99, 100], the judgments entered in favor of the Defendants other than Sebenick did not contain a Rule 54(b) certification.

Generally, a court of appeals does not have jurisdiction to hear an appeal based on an order deciding less than all of the claims involved in a multi-claim or multi-party suit. However, Fed. R. Civ. P. 54(b) permits entry of judgment on less than all claims under certain circumstances. Rule 54(b) provides that when more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination

---

[1]The undersigned notes that the time allowed for the parties to consent to the undersigned conducting further proceedings with regard to claims against the remaining Defendant expired on December 6, 2011. [Doc. No. 101].

that there is no just reason for delay and upon an express direction for the entry of judgment. Thus, to certify an order deciding less than all the claims under Rule 54(b), a court must determine that: (1) the judgment it is certifying is final; and (2) there is no just reason to delay review until a conclusive ruling on all claims presented. Finality is judged by the standards applicable to determining jurisdiction under 28 U.S.C. § 1291. Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 434-35 (1956). Thus, a Rule 54(b) final judgment is a "decision upon a cognizable claim for relief" that is "'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980) (quoting Sears, Roebuck & Co., 351 U.S. at 436). In deciding whether there is no just reason to delay appeal, a court considers the interests of sound judicial administration as well as the equities involved. Curtiss-Wright, 446 U.S. at 8.

In reviewing the procedural history of this case, the undersigned notes that the two judgments entered by Chief Judge Miles-LaGrange do not contain the finding necessary to support the Tenth Circuit's jurisdiction over Plaintiff's interlocutory appeal. Accordingly, it can only be presumed that the findings needed to support an interlocutory appeal were intentionally omitted. Further, Plaintiff has failed to show how granting his request would promote judicial efficiency. Accordingly, the undersigned recommends denial of Plaintiff's Motion for Entry of Final Judgment. This is, of course, without prejudice to any effort by Plaintiff to seek such a certification directly from Chief Judge Miles-LaGrange.

With regard to Plaintiff's Motion for Leave to Conduct Discovery, the undersigned

notes that at this stage of the litigation Plaintiff is entitled to conduct discovery in accord with the Federal Rules of Civil Procedure, subject to any scheduling order entered by Chief Judge Miles La-Grange. As the time for consent to the undersigned's jurisdiction has passed, and a dispositive motion has already been filed and denied as to the only remaining Defendant, such matters are now to be determined in accordance with any scheduling order entered by Chief Judge Miles-LaGrange.  However, as there is no order in place prohibiting discovery, Plaintiff may proceed with discovery allowed under the Federal Rules of Civil Procedure, and thus, his motion is moot.

### **RECOMMENDATION**

For the reasons set forth above, it is recommended that Plaintiff's Motion for Entry of Final Judgment as to Counts, 1, 3, 4 and Certification for Appeal. [Doc. No. 102] be denied. It is further recommended that Plaintiff's Motion for Leave to Conduct Discovery [Doc. No. 108] be denied as moot.  Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by February 1, 2012, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.  Further, since the parties did not consent to magistrate judge jurisdiction, the case is referred back to Chief Judge Miles-

LaGrange for trial.

   **ENTERED this 11th day of January, 2012.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE