**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| STEPHEN CRAIG BURNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-10-769-M |
| | ) | |
| KIM LEATHERWOOD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This case is scheduled for trial on the Court's May, 2013 trial docket.

Before the Court is Defendant Sebenick's Motion for Summary Judgment, filed February 1, 2013. Plaintiff's Response to Defendant Sebenick's Motion for Summary Judgment was filed on March 4, 2013. Defendant's reply was filed on March 11, 2013. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

Plaintiff Stephen Burnett is an inmate within the Oklahoma Department of Corrections ("DOC") since 1996. At all times relevant to this lawsuit, plaintiff was housed at the Cimarron Correctional Facility ("CCF") in Cushing, Oklahoma pursuant to a contract between Corrections Corporation of America, Inc. and DOC. Plaintiff initially brought this lawsuit naming as defendants Kim Leatherwood, a clerk in the mail room at CCF, Joseph Taylor, Warden at CCF, Joseph Sebenick the facilities' investigator as well as a supervisor of the mail room, Michael Munday, CCF's disciplinary hearing officer, Kathy Jones, the Warden's secretary, and Debbie Morton, CCF's administrative review authority. Plaintiff alleged these employees of CCF retaliated against him for the exercise of his constitutionally protected right of access to the courts and his First Amendment

rights. Specifically, plaintiff alleges that these defendants retaliated against him by attempting to interfere with his legal mail being mailed out from the facility and denying him access to courts, by charging him with false misconducts. On September 30, 2011, this Court adopted the report and recommendation of the magistrate judge granting summary judgment as to defendants Leatherwood, Taylor, Munday, Jones and Morton. The Court also granted summary judgment as to defendant Sebenick on all claims except plaintiff's retaliation claim.

While incarcerated at CCF plaintiff filed several lawsuits. In particular, on March 12, 2010, plaintiff filed an action in this Court, Case No. CIV-10-257-M, alleging among other things that he had been harassed and retaliated against by prison officials because of his previous lawsuit filings against prison officials including defendant Sebenick and for his providing legal assistance to other inmates. On May 13, 2010, plaintiff's amended complaint in CIV-10-257-M was filed. Judgment was entered in favor of the defendants as to nine counts of plaintiff's amended complaint and three counts were dismissed for failure to exhaust on October 14, 2011.

Plaintiff filed the instant lawsuit on July 20, 2010. His complaint consisted of four counts naming several employees of CCF as defendants. Plaintiff alleged defendants Kim Leatherwood, mail clerk, Joseph Taylor, Warden, Internal Affairs Officer Joseph Sebenick, Michael Munday, Disciplinary Hearing Officer, Kathy Jones, Warden's Secretary/Grievance Officer, and Debbie Morton, Administrative Review Authority, ("defendants") violated his rights to due process and equal protection, freedom of speech, and his right to be free from retaliation. Specifically, plaintiff contends defendants retaliated against him for his having previously filed other lawsuits by issuing three misconduct charges against him shortly after he filed CIV-10-257-M. Plaintiff's only surviving claim is that defendant Joseph Sebenick ("Sebenick") issued three DOC misconduct

offense reports against him in retaliation for his filing Case No. CIV-10-257-M.  It remains uncontested that Sebenick, as CCF's Internal Affairs Officer, charged plaintiff with three misconduct violations, bartering and two charges of possession of contraband in May 2010.  On May12, 2010,  Sebenick issued the first misconduct offense report for plaintiff's impermissibly receiving postage stamps from other inmates after being informed by Linda Jester, CCF's mail room clerk, of plaintiff's outgoing mail bearing twenty-three $0.44 stamps.  Ms. Lester stated in her deposition that this number of stamps on one envelope had never occurred during her eight years at CCF, so she reported the same to Sebenick for investigation.  The other two misconduct reports issued by Sebenick on May 14, 2010 and May 20, 2010 related to plaintiff's having possession of the legal mail of other inmates.  Plaintiff contends Sebenick interfered with his right to send his legal mail to this Court by issuing the three referenced misconduct offense reports and that this was done in retaliation for plaintiff's filing Case No. CIV-10-257-M.

Sebenick contends plaintiff was not subjected to retaliation.  Sebenick, as CCF's investigator, contends even though the court docket shows he was served in CIV-10-257-M on September 27, 2010, four months after he charged plaintiff with misconduct, he had no knowledge of any grievance or lawsuit filed by plaintiff when the charges were filed in May, 2010.  Sebenick also contends he investigated and charged plaintiff the same as he has with other inmates at CCF.  Sebenick contends plaintiff's allegation of retaliation is pure conjecture without any supporting facts showing that the alleged retaliation was the actual motivating factor behind the issuance of the misconduct offense reports.  Sebenick also contends plaintiff's claim of retaliation must be dismissed because he has failed to exhaust available administrative remedies prior to filing this federal lawsuit.

## II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts.  Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).  Although defendant, as the moving party, bears the initial burden of production, once they meet this burden, Plaintiff "may not rest on [his] pleadings, but must bring forth specific facts showing a genuine issue for trial." *Kannady v. City of Kiowa,* 590 F.3d 1161, 1169 (10th Cir. 2010) (citation and internal quotations omitted).

III.    Discussion

The DOC Offender Grievance Process, OP-090124, governs plaintiff's exhaustion of administrative remedies.[1] The Grievance Process has three primary phases: (1) an informal phase which requires an inmate to speak to a staff member and, if necessary, submit a written Request to Staff; (2) a formal stage which requires the inmate to submit a written grievance; and (3) an appeal stage which requires the inmate to appeal a grievance denial to the Administrative Review Authority or Chief Medical Officer.  The appeal stage is the final stage and, once completed, constitutes satisfaction of the Grievance Process.  *See* Exhibit 17 - Defendant Sebenick's Motion and Exhibit 39 - Plaintiff's Response, Grievance Process, ¶¶ IV, V and VII.

The record shows that on May 12, 2010, Sebenick issued a DOC Offense Report regarding plaintiff's receiving postage stamps from other inmates.  On May 14, 2010, Sebenick issued another DOC Offense Report regarding plaintiff's possession of legal mail belonging to another inmate.  On May 19, 2010, Sebenick issued another DOC Offense Report against plaintiff again for possession of legal mail belonging to another inmate.   The record does not reflect any grievance being submitted by plaintiff pursuant to DOC Offender Grievance Process, OP-090124, relative to his claim of retaliatory misconducts filed against him in May, 2010.  Additionally, in a sworn affidavit Kathy Jones, Grievance Coordinator at CCF, states upon review of the inmate grievance logs as well as the actual grievance records at CCF, she found no record of plaintiff filing a grievance complaining that in May, 2010 Sebenick charged him with three misconduct reports in retaliation.

---

[1] Both parties have submitted the DOC's Grievance Policy in support of their respective motion and response.  *See* Defendant Sebenick's Motion, Exhibit 17; Plaintiff's Response, Exhibit 39.

*See* Exhibit 20 - Defendant's Motion.[2]

The record before the Court demonstrates plaintiff has not exhausted administrative remedies as to his claim that Sebenick issued three Offense Reports in retaliation for his filing another federal lawsuit. Sebenick has raised the affirmative defense of exhaustion of administrative remedies and has submitted the facility's Grievance Report Log and an Affidavit from CCF's grievance coordinator to demonstrate plaintiff has not exhausted the only remaining claim in this action. *See* Exhibits 19 and 21- Defendant's Motion.

The Prison Litigation Reform Act ("PLRA"), enacted by Congress in 1996, requires prisoners to exhaust available administrative remedies before initiating a lawsuit. The PLRA in pertinent part states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997(a). The Supreme Court in *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983 (2002) further defined the parameters of the PLRA's exhaustion requirement as follows:

> [w]e hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.

*Id.* at 532. Additionally, Tenth Circuit precedent holds that an inmate must exhaust administrative remedies whether held in a privately operated or state run facility. *See Ross v. County of Bernalillo,*

---

[2] While plaintiff did appeal his being found guilty on the three misconduct Offense Reports charged against him, there has been no evidence submitted reflecting the filing of a grievance against defendant Sebenick for the alleged retaliatory issuance of the three misconduct reports, which is the issue before this Court.

365 F.3d 1181, 1184 (10th Cir. 2004), abrogated in part on other grounds; *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010); *see also Whitmore v. Jones*, 456 F. App'x 747, 749 (10th Cir. 2012). Tenth Circuit precedent also holds that "[a]n inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under the PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). *See also Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007) ("To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient.").

In his response to Sebenick's Motion plaintiff argues he has exhausted his administrative remedies. Specifically, plaintiff contends his appeal of the finding of guilt as to the three misconduct Offense Reports satisfies the exhaustion requirement as to his retaliation claim against Sebenick in this case. Plaintiff contends because he somehow referenced retaliation in his challenge to the three misconduct charges against him that satisfied the offender grievance process exhaustion requirement. But, as Sebenick properly points out, under DOC policy and case law appeals of misconduct convictions are separate and distinct from procedures governing the Grievance Process. *See* Exhibit 17 - Sebenick's Motion, ¶ II(B)(1). *See also Carr v. Brill*, 187 F. App'x 902, 905 (10th Cir. July 2006) (unpublished op.). [3] Plaintiff, therefore, cannot rely on the appeal of the three misconduct convictions as satisfaction of his exhaustion requirement as to his claim of retaliation.

---

[3]In *Carr*, the Tenth Circuit addressed a similar issue involving the grievance procedure of the Colorado Department of Corrections. The Tenth Circuit determined that the prisoner's appeal of his misconduct conviction did not satisfy the exhaustion requirement as to the prisoner's claim that the misconduct was brought against him as a form of retaliation. *Id.* Instead, the Court determined the prisoner was required to file a grievance on the retaliation claim because the grievance was "an available administrative remedy." *Id.*

Having carefully reviewed the parties' submissions, reviewing the evidence in the light most favorable to plaintiff as the non-moving party, the record shows that no genuine issue of material facts exists on the issue of exhaustion of administrative remedies. Plaintiff has not properly followed the DOC's Grievance Process as to the retaliation claim raised in this action. In addition, plaintiff has not demonstrated prison officials thwarted his efforts to comply with the Grievance Process. In light of the above, the Court declines to address the alternative bases upon which Sebenick seeks summary judgment.

The Court, therefore, finds that because plaintiff has failed to exhaust available administrative remedies as to his retaliation claim Sebenick should be granted summary judgment.

## IV.   Conclusion

For the reasons set forth above, the Court GRANTS Defendant Sebenick's Motion for Summary Judgment [docket no. 159].

**IT IS SO ORDERED this 19th day of April, 2013.**

_/s/ Vicki Miles-LaGrange_
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE